UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| COREY L. SPURLOCK, | ) |
|       Petitioner, | ) ) ) |
|       v. | )   No. 1:18-cv-03366-WTL-MPB ) |
| DUSHAN ZATECKY, | ) ) |
|       Respondent. | ) |

**Entry Denying Petition for a Writ of Habeas Corpus
and Denying Certificate of Appealability**

Petitioner Corey Spurlock brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his Indiana convictions for murder and robbery. For the reasons explained below, his habeas petition is denied and a certificate of appealability will not issue.

**I.
Background**

In March 2003, a jury found Mr. Spurlock guilty of four counts of murder, two counts of conspiracy to commit robbery, and two counts of robbery. He received an aggregate sentence of seventy-five years' imprisonment. The Indiana Court of Appeal affirmed his convictions on direct appeal.

As explained by the Indiana Court of Appeals, Mr. Spurlock obtained post-conviction relief in state court and was resentenced:

> In March 2005, Spurlock filed a petition for post-conviction relief, which the trial court dismissed without prejudice on September 8, 2008, for failure to prosecute. In October 2014, Spurlock again filed a petition for post-conviction relief, which was later amended. Following a hearing and the filing of proposed findings by the parties, the trial court denied Spurlock's petition. Spurlock appealed, and, in February 2017, a panel of this Court affirmed in part and reversed in part the decision of the post-conviction court. *See Spurlock v. State*, No. 49A05–1609–PC–1976 (Ind. Ct. App. Feb. 17, 2017). It was determined that Spurlock's appellate

counsel was ineffective for failing to raise a sentencing error, specifically that the bodily injury stemming from Spurlock's murder convictions was used also as the basis for elevating his conspiracy convictions to Class A felonies. *See id.*, slip op. at 18. Consequently, the case was remanded to the trial court for entry of judgment of conviction on the conspiracy counts to be reduced from Class A felonies to Class B felonies and for resentencing.

On remand, the trial court resentenced Spurlock in July 2017 to a total of sixty-five years. He received forty-five years for each of the four murders and ten years for one of the conspiracy counts, all to be served concurrently. In addition, the trial court sentenced him to twenty years on the second conspiracy count, to be served consecutively to the other counts.

*Spurlock v. State*, 106 N.E.3d 1046, 1049 (Ind. Ct. App. 2018) ("*Spurlock III*").

Mr. Spurlock appealed his sentence. He presented the following claim to the Indiana Court of Appeals:

The trial court erred in resentencing him because his sentence does not conform to the dictates of *Blakely v. Washington*, 542 U.S. 296 (2004). *Blakely* applies and further explains the rule previously set forth in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), prohibiting the reliance on facts not found by a jury or admitted by the defendant to enhance a sentence above the presumptive, with the exception of criminal history.

*Spurlock III*, 106 N.E.3d at 1049. The Indiana Court of Appeals noted that Mr. Spurlock did not make a *Blakely* objection at his resentencing hearing, and thus the only way he could avoid forfeiting this claim is by arguing that the *Blakely* error amounted to fundamental error.

The Indiana Court of Appeals explained the fundamental errors doctrine as follows: "[t]he fundamental error doctrine is extremely narrow and applies only when the error amounts to a blatant violation of basic principles, the harm or potential for harm is substantial, and the resulting error denies the defendant fundamental due process. Thus, this doctrine is available only in egregious circumstances." *Id.* at 1050 (citations omitted). After analyzing the *Blakely* claim, the Indiana Court of Appeals concluded that there was no "fundamental error." *Id.* at 1052.

**II.**
**Discussion**

Mr. Spurlock's sole claim in his habeas petition is the *Blakely* claim he raised to the Indiana Court of Appeals in *Spurlock III*. The respondent moves to dismiss Mr. Spurlock's habeas petition on the ground that this claim is procedurally defaulted. Mr. Spurlock responded and the motion is now ripe for ruling.

The respondent argues that Mr. Spurlock's *Blakely* claim is procedurally defaulted because it was rejected via Indiana's fundamental error doctrine, which constitutes an independent and adequate state law basis to deny a claim. Mr. Spurlock resists this conclusion, arguing that the Indiana Court of Appeals did not explicitly invoke the fundamental-error doctrine and that his trial counsel was ineffective for not raising the *Blakely* claim during resentencing in order to properly preserve it.

"Procedural defaults take several forms, but two are paradigmatic." *Richardson v. Lane*, 745 F.3d 258, 268 (7th Cir. 2014). The first occurs when a petitioner fails to "fairly present his federal claim to the state courts so that they have a 'fair opportunity' to consider and, if needed, correct the constitutional problem." *Schmidt v. Foster*, 911 F.3d 469, 486 (7th Cir. 2018) (en banc); *see Johnson v. Foster*, 786 F.3d 501, 504 (7th Cir. 2015) ("[F]ederal courts will not review a habeas petition unless the prisoner has fairly presented his claims 'throughout at least one complete round of state-court review, whether on direct appeal of his conviction or in post-conviction proceedings.'") (citation and quotation marks omitted).

The second, invoked by the respondent here, occurs when "the decision of [the state] court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Walker v. Martin*, 562 U.S. 307, 315 (2011) (citation and internal quotation marks omitted). "[W]hen a state court refuses to reach the merits of a petitioner's federal claims because

they were not raised in accord with the state's procedural rules (i.e., because the petitioner failed to contemporaneously object), that decision rests on independent and adequate state procedural grounds." *Kaczmarek v. Rednour*, 627 F.3d 586, 591 (7th Cir. 2010).

The second type of procedural default applies here. Because Mr. Spurlock did not raise his *Blakely* claim to the trial court, the Indiana Court of Appeals only reviewed it under Indiana's version of the plain-error doctrine—that is, for fundamental error. The Seventh Circuit has "repeatedly explained that where a state court reviews the claim for plain error as the result of a state procedural bar . . . , that limited review does not constitute a decision on the merits." *Gray v. Hardy*, 598 F.3d 324, 329 (7th Cir. 2010) (collecting cases); *see Carter v. Douma*, 796 F.3d 726, 734 (7th Cir. 2015) (holding that a state court's review for plain error "is not a decision on the merits that allows us to consider the claim on federal habeas review"). Indeed, the Seventh Circuit long ago held that an Indiana state court's resolution of a claim under Indiana's fundamental-error doctrine amounts to an independent and adequate state procedural ground, and thus federal habeas review is not permitted. *See Willis v. Aiken*, 8 F.3d 556, 567 (7th Cir. 1993) ("[T]he determination of the Indiana appellate court, that no fundamental error resulted from the instruction, rests on an independent and adequate state ground. We therefore hold that habeas review in the federal courts is . . . precluded."); *see also Lee v. Davis*, 328 F.3d 896, 900 (7th Cir. 2003) ("[T]he examination required to determine whether there had been fundamental error [by the Indiana Court of Appeals] did not undermine reliance on an independent state procedural ground of waiver; and federal habeas review was precluded.").

Neither of the two bases on which Mr. Spurlock resists this conclusion are persuasive. First, contrary to his assertion otherwise, the Indiana Court of Appeals explicitly invoked and

applied the fundamental-error doctrine. *See Spurlock III*, 106 N.E.3d at 1049. Indeed, the Indiana Court of Appeals's conclusion was that it found "no fundamental error." *Id.* at 1052.

Second, to the extent that Mr. Spurlock blames his trial counsel for failing to object under *Blakely*, Mr. Spurlock could have but did not pursue an ineffective-assistance-of-counsel claim in state court before coming to federal court. For this Court to consider such a claim in a federal habeas proceeding, he would have had to raise the ineffective-assistance-of-counsel claim "through one full round of state court review, or face procedural default of th[at] claim[] as well." *Gray*, 598 F.3d at 330. Instead of raising such a claim on direct appeal or through another state post-conviction claim, Mr. Spurlock filed the instant habeas petition in federal court raising only his *Blakely* claim.

In sum, the Indiana Court of Appeals's analysis of Mr. Spurlock's *Blakely* claim under Indiana's fundamental-error doctrine constitutes an independent and adequate state law basis for its decision. Mr. Spurlock's claim is therefore procedurally defaulted, and he is not entitled to federal habeas relief. *See Walker*, 562 U.S. at 315.

### III.
### Certificate of Appealability

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal. Federal law requires that he first obtain a [certificate of appealability ("COA")] from a circuit justice or judge. 28 U.S.C. § 2253(c)(1). A COA may issue 'only if the applicant has made a substantial showing of the denial of a constitutional right.' § 2253(c)(2)." *Buck v. Davis*, 137 S. Ct. 759, 773-74 (2017).

"At the COA stage, the only question is whether the applicant has shown that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists

could conclude the issues presented are adequate to deserve encouragement to proceed further." *Id.* (citing *Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003)).

Applying these standards, and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts, and 28 U.S.C. § 2253(c), the Court finds that reasonable jurists would not find it "debatable whether [this Court] was correct in its procedural ruling," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), and that the issues presented do not deserve encouragement to proceed further. The Court therefore **denies** a certificate of appealability.

## IV.
## Conclusion

Mr. Spurlock's *Blakely* claim is procedurally defaulted and thus his petition for a writ of habeas corpus is **denied**. The respondent's motion to dismiss, dkt. 10, is **granted**. Final Judgment in accordance with this decision shall issue.

**IT IS SO ORDERED.**

Date: 3/12/2019

*[signature: William T. Lawrence]*

Hon. William T. Lawrence, Senior Judge
United States District Court
Southern District of Indiana

Distribution:

COREY L. SPURLOCK
129495
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Andrew A. Kobe
INDIANA ATTORNEY GENERAL
andrew.kobe@atg.in.gov